1. CARRIERS (§ 256*)—CARRIAGE OF PASSENGERS—FARES—EXCESSIVE CHARGES.
    In view of Laws 1889, c. 38, authorizing railroads to collect an excess charge of 10 cents over the regular rate of fare from any passenger who pays fare in the car, except where the passage is wholly within the limits of an incorporated city, provided that it shall give the passenger a receipt which shall legibly state that it entitles the holder thereof to have the excessive charge refunded, a carrier is not entitled to take excess fare for passage wholly within the limits of an incorporated city, even for temporary detention, and though the amount was repayable to the passenger on the presentation of a slip given him on making the payment.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1005; Dec. Dig. § 256.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CARRIERS (§ 20*)—CARRIAGE OF PASSENGERS—"FARE."

A charge to a passenger of 10 cents in addition to the usual fare, making the total 3 cents over the lawful rate of fare, is "fare," within Railroad Law (Consol. Laws, c. 49) § 58, providing a penalty for asking and receiving more than the lawful rate of fare, though the amount was repayable on presentation by the passenger of a slip given him on making the payment.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 20.*

For other definitions, see Words and Phrases, vol. 3, p. 2695.]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Edward G. Hogan against the Long Island Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

A. F. Van Thun, Jr., for appellant.

Dominic B. Griffin, for respondent.

THOMAS, J. The plaintiff, a passenger in defendant's car, paid therein fare, although there was full provision for securing a ticket at the initial station. The passage was wholly within the city of New York; the usual fare was 20 cents; the maximum legal fare was 27 cents; the fare exacted and received was 30 cents. This action is to recover the penalty for asking and receiving more than the lawful rate of fare. Railroad Law (Consol. Laws, c. 49) § 58.

Chapter 38, Laws 1889, allowing an excess fare of 10 cents to be taken, "except where such passage is wholly within the limits of any incorporated city," does not aid the defendant. Then what protection has it? Its excusatory plea is that the excess was not received as fare, inasmuch as it was repayable at any ticket office of the defendant upon presentation of the slip given to the passenger. But in view of chapter 38 of the Laws of 1889 the carrier could not take excess fare from a passenger, even for temporary detention, even though it placed upon him the burden and extended to him the privilege of recovering it. But was it fare? If not, what was it? Certainly not money that it extorted under no pretense of right. But the right to take asserted was that of receiving fare, and in the course of exercising such right it demanded and received the excess sum. It demanded as fare 30 cents; it received as fare 30 cents; it thereupon gave the passenger a paper promising to repay 10 cents upon presentation of the paper. What did it promise to repay, if not a portion of the fare exacted? Had it by menace or duress procured a sum of money from its passenger without any pretense of authority? In seeking to pervert the true nature of its act, it exposes itself to more serious accusation. But the plain fact is that it asked for the sum as fare, and received it as such, and violated section 39; and its promise to pay back the excess does not dispel the guise under which it was received.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

Leave to appeal to the Court of Appeals will be granted, if the respondent is so advised.

WOODWARD and RICH, JJ., concur.  HIRSCHBERG, P. J., and JENKS, J., vote to affirm on the opinion of Bogenshutz, Municipal Court Justice; JENKS, J., being also of opinion that the statutes do not apply, inasmuch as the territory was not wholly within the limits of any incorporated city, within the purview of said statutes when enacted.

